Parker, C. J.,
delivered the opinion of the Court. The question reserved in this case is, whether the action can be maintained in the name of Usher, the assignee of the shares, which he purchased of several of the crew of the privateer. The general principle, that chases in action, however favorably the assignment of them is considered in equity, and although protected in law whenever it can be done consistently with le^al principles, are yet not so assignable as that they can be sued in the name of the assignee, remains yet undisturbed. So that the only question is, whether the shares thus transferred were, or were not, choses in action.
By the case cited from 1 Wilson it may seem that they were viewed in another light by the Court of King’s Bench ; as the action was brought by the assignee in his own name, and no exception was taken on that ground. But whether this was owing to any construction given to the statute of 17 Geo. 2, which was cited in the case; or whether there had been not only notice, but the assent of the prize agent, and a promise to pay the assignee, does not appear. By the statute referred to, the property in the prize goods is considered as belonging to the captors ; and the only question in the case was, whether it vested before or after the condemnation.
*238 In the present case notice was given of the assignment to the defendants, the prize agents ; but it is not stated that they promised to pay conformably to the assignment. Possibly, without any statute, a prize ship, or prize goods, might be considered as the property, in specie, of the captors ; and that each of the crew was an owner, as tenant in common with the rest and with the owners of the whole, and thus might assign his interest in the thing * itself; so that, when sold, the money would belong to the purchaser, in proportion to his interest.
But, by the statute of the United States, which regulates the mode of proceeding with captured properly, as well as authorizes the capture, the prize goods must be brought jn, libelled, and condemned. They must be sold by the marshal, who will pay over the proceeds, deducting duties and expenses, to the prize agents ; and these last are to distribute them among all concerned, according to any agreement which may subsist. So that there is no right in, or control over, the property with the captors, until it has been disposed of according to this statute. The crew, therefore, have nothing but the right of demanding the money when it has been received ; and this right is a mere chose in action, not assignable at common law. And, if it were otherwise, prize agents might be subject to a multitude of actions for the proceeds of one share ; the practice being to assign parts of shares. They might also lose all opportunity of setting off such demands as they might fairly have against the crew. The verdict in this case must be set aside, and the plaintiff be called.

Plaintiff nor.suit.