NATHAN W. LEACH *vs.* ALBERT C. GREENE.

Bristol.    Oct. 27, 1874. — Jan. 21, 1875.    COLT & AMES, JJ., absent.

One who has purchased in another state choses in action belonging to the estate of a bankrupt cannot prosecute in this Commonwealth a suit thereon in his own name.

CONTRACT for goods sold and delivered.    The declaration also contained a count for conversion of the same goods.    Trial in the Superior Court, before *Allen*, J., who allowed a bill of exceptions in substance as follows:

The plaintiff's counsel stated, in opening, that the original transactions with the defendant, out of which the suit grew, were with one William E. Brockway, of the city, county and State of New York, who had sold the defendant beer, and had sent it in barrels to the defendant, which barrels, to the number of thirty-eight, had not been returned ; that subsequently, on January 17, 1871, Brockway was adjudged a bankrupt in the United States District Court for the Southern District of New York; that assignees were appointed and duly confirmed on February 13, 1871 ; that the assignees sold certain choses in action, forming part of the bankrupt's estate, at public auction on June 26, 1871, which sale was confirmed by the United States District Court aforesaid

on May 1, 1872; that Nathan W. Leach, the present plaintiff, was the purchaser of the bankrupt's choses in action, among which is the present claim for the barrels declared on in the plaintiff's writ.

The plaintiff offered in evidence the certified copy of the assignment in bankruptcy of the estate of Brockway, showing the appointment of John M. Guitean and John Gordon, of the city of New York, as assignees of his estate, real and personal, including all the property of whatever kind of which he was possessed, or in which he was interested, or entitled to have on January 17, 1871, with all his deeds, books and papers relating thereto, and bearing date February 13, 1871; also a certified copy of the bill of sale from the said assignees to the plaintiff, dated June 26, 1871, conveying to the plaintiff, for the consideration therein named, his heirs, administrators and assigns forever, all the books, notes, books of account and choses in action of the said Brockway, previously conveyed to the said assignees and uncollected by them; also a certified copy of the approval of the United States District Court of New York, in bankruptcy, bearing date May 1, 1872, of the sale at public auction by the assignees, on June 26, 1871, of certain choses in action, forming part of the estate of the said bankrupt. These several papers were admitted by the judge.

The plaintiff then called as a witness the said bankrupt, who testified that before his bankruptcy he had sold beer to the defendant, and sent it to him in barrels which were to be returned, and that he had made demand for these barrels of the defendant before his bankruptcy in his own name, and since his bankruptcy and the sale of the choses in action sold by his assignees to the plaintiff, in the name of the plaintiff, before the present suit was brought; that he was authorized by the plaintiff to make this demand; and that the defendant said the state police had seized some of them, and that he would pick them up and send them back, but he never did so. These barrels constituted a part of the assets of the bankrupt's estate, and appeared in his book of accounts against the defendant. The plaintiff offered to prove, by letters of the defendant to Brockway, the promise to return the barrels before his bankruptcy. The number of barrels claimed as had by the defendant and not returned was thirty-eight, valued at $4.50 each.

The judge ruled that the action upon these facts, if proved could not be maintained in the name of the plaintiff, and the plaintiff alleged exceptions.

*L. Lapham*, for the plaintiff. The property in question consisted of barrels, not sold, but lent to the defendant, and to be returned by him to the original owner, Brockway, who was the owner of the barrels at the time of his bankruptcy. The assignment of the bankrupt passed and vested the title to these barrels to and in the assignees. They sold the same by order of court, and the sale was approved by the court. The title thereupon passed by operation of law, and they became the property of the plaintiff. He made a demand upon the defendant for his own property after its purchase, and before the present suit was brought, and the defendant promised to pick them up and send them back. He never did. Had they been stolen, they might have been described as the property of the plaintiff in an indictment against the thief. When a man becomes the owner of property by operation of law, he can maintain an action for it in his own name, after demand upon the person who withholds it from him illegally.

*J. C. Blaisdell*, for the defendant.

ENDICOTT, J. It is distinctly stated in the bill of exceptions that the plaintiff purchased certain choses in action belonging to a bankrupt's estate at public auction, among which was the claim for the barrels, declared on in the writ. It was not therefore a sale of the barrels, as now contended by the plaintiff, but of a chose in action.

It has been uniformly held in this Commonwealth, that the assignee of a chose in action cannot, in the absence of a promise to himself, maintain an action thereon in his own name, but may do so in the name of his assignor. *Usher* v. *D' Wolfe*, 13 Mass. 290. *Foss* v. *Nutting*, 14 Gray, 484. The same rule has been held to apply to a sale by an official assignee of a chose in action belonging to the estate of an insolvent debtor, and that, under the provisions of the insolvent law then in force, no right of action vested in the vendee of the assignee. *Hay* v. *Green*, 12 Cush. 282.

By the St. of 1859, *c.* 194, § 1, (Gen. Sts. *c.* 118, § 100,) it was expressly provided that any suit brought on a claim or demand sold by the assignee of an insolvent debtor shall be brought in the name of the purchaser, and that the fact of such sale should be set forth in the writ. See *Cushman* v. *Davis* 3 Allen, 99.

An assignee under the bankrupt law of the United States, St. of 1867, *c.* 176, § 14, has the same power to deal with and dispose of choses in action vested in him, as the bankrupt might have had, if no assignment had been made.   No special authority is given to the purchaser from such assignee to maintain a suit thereon in his own name.

There is no reason, therefore, for taking the case out of the settled rule in this Commonwealth, the *lex fori* must govern, and the ruling below is affirmed.                    *Exceptions overruled.*