ISAAC W. ENGLAND *vs.* JOHN B. DEARBORN.

Suffolk.   March 11. — May 8, 1886.   W. ALLEN & HOLMES, JJ., absent.

A mortgage of all the personal property of a manufacturing corporation, except its book accounts, given by the president and treasurer of the corporation to secure the payment of a preëxisting debt, without previous authority or subsequent ratification by, or the knowledge and acquiescence of, the directors of the corporation, is invalid, although the president and treasurer was also the general manager of the corporation, and owned all but two shares of its capital stock.

TORT for the conversion of certain personal property.   At the trial in the Superior Court, before *Rockwell*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. W. Bartlett*, for the defendant.

*L. M. Child*, for the plaintiff.

FIELD, J.   The plaintiff, whose representatives after his death prosecute the action, claims title as mortgagee of the property sold by the defendant.   The mortgage purports to have been given by the Chelsea Iron Foundry Company, and is signed " W. H. England, as Pres. of Chelsea Iron Foundry Co."   The company was a corporation organized under the laws of the State of New York, and William H. England was its president and treasurer.   " There was parol evidence tending to show that William H. England was the general manager of the company's business," but " there was no evidence of any ratification by the board of directors of the transactions concerning the mortgage, or any knowledge of it by anybody connected with the board of directors except William H. England ; " and " it appeared that the property included in the description of the said mortgage was all the property that the corporation had, except the book accounts."   The charter of the company was not put in evidence, nor does it appear that there were any by-laws, and the nature of the corporation is not known, unless it be inferred that it was a manufacturing corporation.   William H. England owned ninety-eight shares, his wife one share, and Charles H. Whitman one share, which constituted the whole capital stock of the company. " There were two directors, said William H. England and said Whitman."   The corporation was organized in the early part of 1883, and there were never but two meetings of the board of directors ; both being near the time of the organization of the corporation, and before actual business operations were commenced.

That William H. England owned nearly all the shares of the stock of the corporation is immaterial.   As a stockholder, he had no more authority to mortgage the property of the corporation than any other stockholder.   He cannot, as stockholder, enjoy the exemption from personal liability which incorporation affords, and retain all the power over the property of the corporation which he has over his own property.   It does not appear that William H. England ever executed any other mortgage of the property of the corporation.   There is no evidence of original authority given to him to make the mortgage, or of any ratification of the mortgage by the corporation or its directors, or of any acquiescence in it or knowledge of it by any other officer

of the corporation ; and the corporation has received and retained no property or advantage from the mortgage, for it was given by him to his father, the plaintiff, as an indemnity against a preexisting liability as indorser of a promissory note. If, on the evidence in this case, this mortgage can be held valid, it must be on the ground that, *prima facie*, the person who is the president, treasurer, and general manager of every corporation, or of every manufacturing corporation, has authority to mortgage all its personal chattels for a debt of the corporation. No cases have gone so far as this. Authority to make a mortgage need not be given by a formal vote, and may be inferred from the manner in which the business is conducted, with the knowledge and acquiescence of the corporation or its officers; *Sherman* v. *Fitch*, 98 Mass. 59 ; but there is nothing in this case from which previous authority or subsequent ratification can be inferred, except the fact that William H. England was made president, treasurer, and general manager of the corporation. Authority to sell or mortgage all the property of a corporation except its book accounts cannot be one of the ordinary incidents of carrying on the business of a manufacturing corporation. The extent of the judicial knowledge which courts have taken of the customary powers of different officers of corporations need not be discussed, for it cannot be held to be within the implied powers of any officer of a manufacturing corporation to convey away all its property except its book accounts. The second instruction requested should have been, in substance, given, and was not given in the charge to the jury.* *Fay* v. *Noble*, 12 Cush. 1.

---

* The instruction requested was as follows : " If the president and treasurer, being the same individual, made the mortgage in question without special authority therefor, said mortgage covering the whole property of the corporation, to secure a past indebtedness, without the knowledge or acquiescence of the directors of the corporation, and without any evidence of ratification by the corporation, then the mortgage is invalid."

The material part of the instruction given was as follows : " The plaintiff took this mortgage after indorsing the second note, which he claims is a *bona fide* mortgage in every respect made by the Chelsea Iron Foundry Company, properly executed to bind them, and that that mortgage was valuable to him. He can recover in that case, as I must rule to you, if there was a *bona fide* mortgage as between him and the Chelsea Iron Foundry Company; that is, they presented him a note and requested him to indorse

*Lyndeborough Glass Co.* v. *Massachusetts Glass Co.* 111 Mass. 315. *Smith* v. *Smith*, 117 Mass. 72. *E. Carver Co.* v. *Manufacturers' Ins. Co.* 6 Gray, 214. See *Titus* v. *Cairo & Fulton Railroad*, 8 Vroom, 98; *Walworth County Bank* v. *Farmers' Loan & Trust Co.* 14 Wis. 325; *Stokes* v. *New Jersey Pottery Co.* 17 Vroom, 237.                     *Exceptions sustained.*

---

it, and he indorsed it as an accommodation; he has a legal right to take the mortgage on the property, according to the laws of Massachusetts, and so I must rule in this case. I cannot rule that this was a void corporation, not having any right to do business here. The only question of fact is this: Was it a *bona fide* transaction between him and the Chelsea Iron Foundry Company? Was he an accommodation indorser? and when he paid the money, did he pay for them in a *bona fide* manner to extinguish their debt? If so, then he has a right to recover."