JOHN C. MCCLURE *vs.* D. P. LIVERMORE.

Kennebec.    Opinion October 1, 1886.

*Promissory notes. Estoppel.*

A promissory note reciting "we" promise to pay, and signed "D. P. Livermore, Treas'r Hallowell Gas Light Co.," is the note of the individual and not of the corporation.

An action on such a note against the corporation, and its default, will not estop the owner from maintaining an action against the individual when it does not appear that the acts of the plaintiff caused the defendant to change his position, or to take some action injurious to himself.

ON report of facts agreed.

Assumpsit on the following promissory note :

"Hallowell, January 1; 1881.

"350.00. On demand after date, we promise to pay to the order of John C. McClure, three hundred and fifty dollars at Hallowell, with interest, value received.

D. P. Livermore,

Treas'r Hallowell Gas Light Co."

The material facts are stated in the opinion.

*Beane and Beane,* for the plaintiff, cited : *Sturdivant* v. *Hull,* 59 Maine, 172 ; *Mellen* v. *Moore,* 68 Maine, 390 ; *Chick* v. *Trevett and als.* 20 Maine, 462 ; *Townsend* v. *Meader,* 58 Maine, 289 ; *Lynch* v. *Swanton,* 53 Maine, 100 ; *Merriam* v. *Whittemore,* 5 Gray, 317 ; *Hill* v. *Morse,* 61 Maine, 541 ; *Sargent* v. *Salmond,* 27 Maine, 539 ; *Marsh.* v. *Masterson,* N. Y. case, 4 East. Rep. 246.

*A. M. Spear,* for defendant.

The agreed statement shows that McClure received the note as a corporation note and fully understood it to be such. That he so understood it is further absolutely proven by his bringing an action on it against the corporation.

" The entry of judgment against the corporation is a thing of course " which can be obtained by the plaintiff at any time. Freeman on Judg. p. 213.

LIBBEY, J. The note sued on contains no ambiguity. Its terms are clear and its meaning can readily be understood without resort to extrinsic evidence. The facts reported to be considered by the court if admissible, are not competent evidence to vary the plain meaning of the written contract. *Mellen* v. *Moore,* 68 Maine, 390 ; *Davis* v. *England,* 141 Mass. 590.

We think the note must be construed to be the note of the defendant, and not of the corporation. It contains no apt words showing that the parties understood it to be the contract of the corporation and not of the defendant. It nowhere appears that the defendant made the promise for the corporation. The language used expresses his own promise, and what is added after the signature is descriptive of the person. The following cases are directly in point : *Sturdivant* v. *Hull,* 59 Maine, 172 ; *Mellen* v. *Moore,* 68 Maine, 390 ; *Davis* v. *England,* 141 Mass. 590.

But it is claimed by the counsel for the defendant that the plaintiff is estopped from maintaining this action against him by commencing an action against the corporation on the same note, and prosecuting it to a default. That action has not gone to

judgment, and to create an estoppel it must appear that the acts of the plaintiff relied on, caused the defendant to change his position or take some action in regard to the note which will be injurious to him, if the plaintiff shall be permitted to charge him as the maker of the note. But the case is entirely barren of any such element. It does not appear that the defendant was in any way misled or induced to change his position to his injury by the suit against the corporation. There is no estoppel.

*Defendant defaulted.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL, JJ., concurred.