ALFRED J. W. PRITCHARD *vs.* UPHAMS CORNER THEATRE COMPANY.

Bristol.    April 6, 1921. — May 25, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Assignment,* Of non-negotiable chose in action. *Practice, Civil,* Exceptions.

An assignee of a non-negotiable chose in action cannot maintain under G. L. c. 231, § 5, an action thereon in his own name as assignee unless the assignment was in writing.

In an action, brought in his own name by one claiming as assignee from one of the parties to an agreement in writing for the sale of merchandise, to recover the agreed price, there was evidence of the performance of the agreement but no evidence that the assignment was in writing nor of the contents of the

assignment nor by whom the assignment was executed nor that the assignment was executed by any person who had authority to act for the alleged assignor. *Held,* that an exception taken by the defendant to the refusal of the judge to order a verdict for the defendant must be sustained.

In the action above described it was *held,* that, the defendant having seasonably excepted at the close of the evidence to the refusal of the judge to order a verdict in his favor, his rights were not affected by his failing to save an exception to an apparent assumption of the judge in his charge that there was a valid assignment of the contract.

CONTRACT, with a declaration in three counts, the material allegations of the second count being described in the opinion and no question being raised in this court upon the first and third counts. Writ dated May 22, 1919.

In the Superior Court the case was tried before *Raymond,* J. The evidence is described in the opinion. The agreement there referred to, which was the basis of the second count of the declaration, was as follows:

" It is agreed between E. H. Stafford Manufacturing Company and Uphams Corner Theatre Co. that upon delivery and installation of eighteen more chairs in the Strand Theatre similar to those now installed, there will be due to said Stafford Company from said Theatre Company the sum of two thousand nine hundred and fifty-three and 17/100 ($2,953.17) dollars, of which amount the Theatre Company is paying this day by its note for sixty days the sum of two thousand five hundred ($2500) dollars, the balance of four hundred and fifty-three and 17/100 ($453.17) dollars to be paid by said Theatre Company in ten days after said installation of said eighteen chairs.

" This is a compromise settlement of the disputed claim of the Stafford Company and the Theatre Company in connection with the written contract made between the Theatre Company and Marks & Alger for the purchase, sale and installation of the chairs in said Strand Theatre, said Marks & Alger having assigned their contract to the Stafford Company.

" Executed by the parties November 4th, 1918.

"E. H. Stafford Mfg. Co.,
By E. G. Bentley, V. P.
Uphams Corner Theatre Company,
By Stanley W. C. Downey, Treasurer."

At the close of the evidence the defendant made a motion that a verdict be ordered in its favor upon the second and third counts. The judge ordered a verdict for the defendant upon the third count but refused to order a verdict for it upon the second count. The jury returned a verdict for the plaintiff upon the second count in the sum of $453.17; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. E. Eaton & E. T. McKnight,* for the defendant.

*A. S. Phillips,* for the plaintiff.

CROSBY, J.   In this action of contract the declaration is in three counts: the first is on a promissory note and the defendant does not deny its liability thereon; no question arises respecting the third count as a verdict was ordered for the defendant.

The second count in substance alleges that the E. H. Stafford Manufacturing Company and the defendant entered into a written agreement, which, and the proceeds thereof, were assigned by the company to the plaintiff; that the company has performed its part of the agreement and that there is due the plaintiff thereunder the sum of $453.17.  At the close of the evidence, the defendant filed a motion requesting that a verdict be directed in its favor on the second and third counts; the motion was allowed as to the third count and refused as to the second, and the defendant duly excepted.

It is the contention of the defendant that the evidence did not warrant a finding that an assignment in writing was executed by the Stafford company to the plaintiff; that if such an assignment were so executed, there was no evidence to show that it was executed by any person authorized to act for that company.  One Bentley testified that he was vice-president of the E. H. Stafford Manufacturing Company, and had charge of " the sales end of the business; the selling and the installation work."  He identified his signature on the agreement declared on in the second count, which was signed by him as vice-president.  While it did not expressly appear that the E. H. Stafford Manufacturing Company was a corporation, that fact reasonably may be inferred; and it is so assumed in the briefs of the parties.

As the contract declared on in the second count was a non-negotiable chose in action, the plaintiff could not maintain an action thereon in his own name, as assignee, unless the assignment was

in writing.  R. L. c. 173, § 4, now  G. L. c. 231, § 5.  *Bowen* v. *New York Central & Hudson River Railroad*, 202 Mass. 263.  If the E. H. Stafford Manufacturing Company was a corporation it could act only by its duly authorized officers or agents.  If there was a written assignment from the company to the plaintiff, its contents are not before us; there is nothing in the record to show by whom it was executed, and no evidence that it was executed by any person who had authority to act for the company.  It follows that the plaintiff failed to offer evidence of original authority given to any person to execute a written assignment, or of ratification of it thereafter by the corporation or its directors, or of acquiescence in it or knowledge of it by any other officer of the corporation; nor was there evidence from which such authority, ratification or acquiescence could be inferred.  *Fay* v. *Noble*, 12 Cush. 1.  *Sherman* v. *Fitch*, 98 Mass. 59.  *Smith* v. *Smith,* 117 Mass. 72.  *England* v. *Dearborn*, 141 Mass. 590.  *Bi-Spool Sewing Machine Co.* v. *Acme Manuf. Co.* 153 Mass. 404.  *New England Mutual Life Ins. Co.* v. *Wing*, 191 Mass. 192.  See *Hartford* v. *Massachusetts Bowling Alleys, Inc.* 229 Mass. 30.  Accordingly the defendant's exception to the refusal of the court to direct a verdict in its favor on the second count must be sustained.

While in his charge to the jury the presiding judge seems to have assumed that there was a valid assignment of the contract to the plaintiff, the defendant's rights were not thereby affected, as it had at the conclusion of the evidence seasonably excepted to the refusal of the court to direct a verdict for the defendant on the second count.

As the evidence may not be the same at another trial, the question, whether it was sufficient to warrant a finding that there was a written assignment of the agreement from the Stafford company to the plaintiff, need not be considered.

*Exceptions sustained.*