SELDEN TRUCK CORPORATION *vs.* SELDEN TRUCK SERVICE COMPANY & others.

Middlesex. March 9, 1926. — September 17, 1926.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Corporation,* Officers and agents. *Agency,* Scope of authority. *Mortgage,* Of personal property.

One who owned nearly all the capital stock of a business corporation and who as treasurer had signed and indorsed notes in the name of the corporation and had always assumed the entire control and management of transactions with another corporation with which the first

corporation had dealings, in the absence of any governing by-law or vote of the board of directors of the first corporation, cannot be found to have had authority to execute and deliver a chattel mortgage of practically all of the merchandise of the first corporation to the second corporation; and a mortgage so executed and delivered is void.

BILL IN EQUITY, filed in the Superior Court on January 10, 1924, to establish a debt due the plaintiff by reason of notes of $2,000, $2,000 and $1,000, respectively, made by the defendant Selden Truck Service Company and indorsed by the defendant William H. Baker, and due, respectively, on October 10, November 10, and December 12, 1923; and to reach and apply certain property in satisfaction thereof.

The defendants Baker and Selden Truck Service Company filed answers and also cross bills in which the defendant corporation sought cancellation of the chattel mortgages described in the opinion. The suit was referred to a master. Material facts found by the master are stated in the opinion. The suit was heard by *Lourie*, J., by whose order there was entered a final decree establishing the debt due the plaintiff as described in the opinion and dismissing the cross bill of the Selden Truck Service Company. Selden Truck Service Company alone appealed.

The case was submitted on briefs at the sitting of the court in March, 1926, and afterwards was submitted on briefs to all the Justices.

*J. A. Farrer* & *J. W. McCormack*, for the defendant Selden Truck Service Company.

*C. O. Pengra*, for the plaintiff.

BRALEY, J. The president of the Selden Truck Corporation August 10, 1923, sent the following letter to the defendant William H. Baker, treasurer of the Selden Truck Service Company and Baker Motor Sales Company.

"August 10, 1923.

"Mr. W. H. Baker, Treasurer,
Selden Truck Service Co. and
Baker Motor Sales Company,
Cambridge, Mass.

"Dear Sir:

"In confirming our conversation with you this afternoon in connection with amounts owing us by Selden Truck Serv-

ice Company and by Baker Motor Sales Company of Cambridge, of which two companies you are the Treasurer, we understand you will pay us $15,000 cash and notes in full and complete settlement and satisfaction of parts account of the Selden Truck Service Company, amounting to $10,070.03, and of general account of Baker Motor Sales Company totalling $31,770.27 (less $12,215.84 of new notes of Dalton, People's Coal Company, Standard Coal Company (2 series) Whitehouse & Sons, and W. H. Baker).

"In consideration thereof, we will agree to assist you on Selden trucks sales in the Boston territory on a trial basis of not less than one year from date to the extent of our providing a Sales Manager, and one salesman for each salesman furnished by you (not exceeding total of four). It is understood that the Selden truck sales will be taken care of by a new corporation to be known as the Baker-Selden Truck Company, and that sales contract will be entered into between the new Baker-Selden Truck Company and ourselves.

"It is understood that the Baker Motor Sales Company will pay us $5,000 and the Selden Truck Service Company $10,000. in settlement of the above accounts, divided as follows:

| Baker Motor Sales Company | Selden Truck Service Company |
|---|---|
| $3,000 cash—August 10, 1923 | $2,000 note due Oct. 10, 1923 |
| 2,000 note due Sept. 10, 1923 | 2,000 ,, ,, Nov. 10, 1923 |
|  | 1,000 ,, ,, Dec. 10, 1923 |
| $5,000. | 1,000 ,, ,, Feb. 10, 1924 |
|  | 2,000 ,, ,, Mar. 10, 1924 |
|  | 2,000 ,, ,, Apr. 10, 1924 |

$10,000

Yours truly,

A. S. Moore.

President Selden Truck Corporation."

The letter was returned with this indorsement:

"Accepted

W. H. Baker

Treas. Selden Truck Serv. Co.

Baker Motor Sales Co."

It is found by the master that the letter and acceptance constituted the agreement between the parties, and from his report it appears that, although William H. Baker indorsed the notes, the contract was between the plaintiff and the defendants the Selden Truck Service Corporation and the Baker Motor Sales Company. It was not the personal agreement of William H. Baker. The notes were not paid, and the final decree ordered the Selden Truck Service Company, as maker, and Baker as indorser, to pay the plaintiff $4,213.43, and that execution issue therefor. It also was decreed that the plaintiff pay to Baker under his cross bill $597.33 due to him as commissions on the sale for the plaintiff of a certain truck, payment to be made by crediting Baker with the amount on the execution.

But, if the original bill and Baker's cross bill are disposed of, there remains the cross bill of the Selden Truck Service Company against the Selden Truck Corporation. The master finds that Baker, who owned nearly all the stock, was the manager, and had entire control of the Selden Truck Service Company, wrote on October 6, 1923, to the Selden Truck Corporation a letter signed "Selden Truck Service Company, W. H. Baker, Treasurer," stating that it could not meet the note for $2,000 maturing October 10, 1923, and asking, "Will you accept a mortgage against our inventory until we can pay you cash?" Although the Selden Truck Corporation protested, Baker made and delivered to the Selden Truck Corporation a demand note for $10,000 signed "Selden Truck Service Co., Inc., W. H. Baker, Treasurer," and as security for payment of the note he executed and delivered a mortgage dated November 10, 1923, on "All new and used truck parts now in our stock room at 80 Charles River Road in Cambridge, Mass., also all truck parts of every kind and description which we may purchase after date of this instrument which are added to the present stock. It being hereby agreed that there shall be on hand at all times not less than the amount stated $10,000.00 based on cost price of said parts."

The circumstances of the transaction are stated in the report. The master found: "I find that the $10,000 chattel

mortgage and the note secured thereby were executed and delivered on the understanding and agreement of both parties that the demand note for $10,000 . . . and the chattel mortgage securing the same were given by the Selden Truck Service Company and accepted by the Selden Truck Corporation as collateral security for the series of notes totalling $10,000 . . . , and which, with the exception of the one which fell due February 10, 1924, are the subject of this litigation.

"The mortgage and mortgage note were executed and delivered voluntarily by Mr. Baker, acting as treasurer of the Selden Service Company, and pursuant to a suggestion which originated with him. . . .

"As to the execution and delivery of this mortgage and note, I find that there was no specific authority given to Mr. Baker under any by-law or by any vote to do so. There was no evidence that Mr. Baker had at any previous time executed any other mortgage in the name of the Selden Truck Service Company. He had, there [to] fore, as treasurer of such corporation signed and indorsed notes in the name of the corporation and in all his dealings as treasurer of the Selden Truck Service Company with the Selden Truck Corporation, Mr. Baker had always assumed the entire control and management of such transactions and had signed the name of the corporation by him as treasurer, without specific authority."

But, notwithstanding these findings, there is nothing in the record to show any corporate action empowering Baker, as treasurer, to execute and deliver the mortgage. It is settled by *England* v. *Dearborn*, 141 Mass. 590, that, not having been authorized by the corporation, the mortgage is void.

The decree dismissing the cross bill of the defendant William H. Baker and granting relief to the plaintiff on the original bill is affirmed with costs. But so much of the decree as dismisses the cross bill of the defendant Selden Truck Service Company is reversed and a decree with costs is to be entered directing the Selden Truck Corporation within a time to be fixed by the trial court to cancel and discharge the mortgage.

*Ordered accordingly.*