998

**In re LINCOLN BAKERY, Inc.**
**No. 58562.**

District Court, D. Massachusetts.
Jan. 28, 1937.

I. Manuel Rubin, of Brockton, Mass., for mortgagee.

James Levensohn, of Boston, Mass., for trustee.

BREWSTER, District Judge.

The Atlas Finance Corporation petitioned in the above-entitled matter that a mortgage, given by the bankrupt in the sum of $1,200, be established as a valid lien upon the property described in the mortgage which covered all the assets of the bankrupt. The referee denied the petition, and the matter is up for review upon the referee's certificate.

The mortgage was given pursuant to a vote of the board of directors, which authorized the treasurer "to borrow up to $1500.00 from the Atlas Finance Corporation and to execute a corporate note therefor, and to pledge as security for the said loan or loans any or all of the fixtures, machinery, motor vehicles, equipment and machinery" of the bankrupt.

The directors present at the meeting held all of the capital stock in the corporation. There was no meeting of stockholders duly called for the purpose of authorizing the mortgage, nor is there anything appearing to show that the directors acted otherwise than as directors.

It has been held in this court that the statutes of Massachusetts governing corporations (Mass.G.L. c. 156, § 42) must be fully complied with in order to render valid a mortgage given by a bankrupt upon all its assets. Commerce Trust Company v. Chandler (C.C.A.) 284 F. 737; McDonald v. First National Bank of Attleboro (C.C. A.) 70 F.(2d) 69.

It is the contention of the Finance Corporation that inasmuch as all the stock was represented at the directors' meeting authorizing the mortgage, the trustee in bankruptcy cannot take advantage of the fact that the bankrupt failed to comply with the Massachusetts laws. In support of this contention it has cited the case of Gamaldi v. Colon, 79 F.(2d) 611, where the Circuit Court of Appeals for the Second Circuit upheld as valid a mortgage which did not comply with the requirements of the New York statute (N.Y.Stock Corporation Law, § 16, Consolidated Laws, c. 59) to the effect that the mortgage should have the consent of the stockholders, given either in writing or by vote at a meeting of the stockholders called for that purpose.

It appeared that the mortgage had been given at the instigation of an owner of more than two-thirds of the entire capital stock of the corporation, from which the court found that more than two-thirds of the stock had actually consented to the mortgage.

It is my opinion that the requirement of the New York law, that the consent of stockholders might be given in writing as well as by vote at a legally called meeting, furnishes an important distinction between the New York statute and the Massachusetts statute. Actual consent might well be accepted in lieu of a written consent. The statutes of Massachusetts contain no such provision. Under the Massachusetts statute it is not a matter of proof of consent but a matter of corporate power. The corporation has no authority to mortgage all its assets except by vote at a meeting, duly called for the purpose, of two-thirds of each class of stock outstanding and entitled to vote.

The fact that the directors present at the directors' meeting were also stockholders owning all the capital stock does not operate to convert a directors' meeting into a stockholders' meeting. Old Dominion Copper Mining & Smelting Co. v. Bigelow, 203 Mass. 159, 89 N.E. 193, 40 L.R.A.(N. S.) 314.

It may be said in this case, as was said in Selden Truck Corporation v. Selden Truck Service Co., 257 Mass. 58, 153 N.E. 259, 260, that there is nothing in the record to show any corporate action empowering the treasurer to execute and deliver the

mortgage. "It is settled by England v. Dearborn, 141 Mass. 590, 6 N.E. 837, that not having been authorized by the corporation the mortgage is void."

The mortgage being void at its inception for want of power in the officers to execute and deliver it, it follows that the order of the referee should be confirmed. It is so ordered.