Sanborn, Acting P. J.
This is an action of contract to recover upon an account annexed for merchandise sold and delivered to the defendant. Prior to bringing suit, the plaintiff had assigned the account. Nothing appeared in the pleadings, nor was any evidence offered to indicate the action had been brought by the plaintiff for the benefit of his assignee. The defendant asked for a finding on the ground that the plaintiff had no title and was not the proper party to bring the action. The court found for the plaintiff and reported the case to this court. No further question is presented.
At common law, the assignment of a chose in action does not transfer the legal title. The assignee, therefore, in the absence of an express promise to himself by the debtor, and *367 in the absence of statute, cannot maintain an action thereon in his own name, but must bring it in the name of the assignor as the holder of the legal title. Usher vs. D’Wolfe, 13 Mass. 290, Foss vs. Nutting, 14 Gray 484. Hay vs. Green, Adm., 12 Cush. 282, Leach vs. Greene, 116 Mass. 534, Lewis vs. Club Realty Co., 264 Mass. 588. By the assignment itself, the assignor is held to have authorized the assignee to use his name in any proceedings that may become necessary to give full effect to the assignment. The assignee’s right to sue in the name of the assignor can neither be controlled by the assignor, nor objected to by the debtor. Rockwood vs. Brown, 1 Gray, 261.
General Laws, Chapter 231, Section 5 provides:—
“The assignee of a non-negotiable legal chose in action which has been assigned in writing may maintain an action thereon in his own name, but subject to all defences and rights of counter-claim, recoupment or set-off to which the defendant would have been entitled had the action been brought in the name of the assignor. ’ ’
It does not appear from the report that the assignment was in writing. If there is no written assignment the case is not within the statute and the assignee cannot sue in his own name, but only in the name of the assignor. New England Cabinet Works vs. Morris, 226 Mass. 246, Prichard vs. Upham’s Corner Theatre Co., 238 Mass. 441. The action, however, has been argued and dealt with on the assumption there was an assignment in writing that rendered the statute applicable. Considering it on that basis, it has been repeatedly held that the assignee’s common law right has not been lost or destroyed by the addition of a new remedy. The substantive rights of the parties as they existed at common law are not changed or affected. The assignee’s right to sue in the name of his assignor is in no way abrogated. *368 Levenbaum vs. Hanover Trust Company, 253 Mass. 19, Lewis vs. Club Realty Co., 264 Mass. 588.
The defendant contends that the fact of the assignment should be set forth in the writ, or that it should be shown by evidence that the suit is brought for the benefit of the assignee. Where in fact an action is brought in the name of a plaintiff for the benefit of another person, the better practice is to state that fact in the writ, but it is not necessary. Avery vs. Russell, 125 Mass. 571, Kelly vs. Greany, 216 Mass. 296.
There has been no prejudicial error, and this report is dismissed.