FRANKLIN K. PHILLIPS *vs.* BROWNELL GRANGER & another.

Suffolk. March 26. — 27, 1883. FIELD & DEVENS, JJ., absent.

In an action of contract, on a promissory note, the defendant filed an answer in recoupment, for a larger amount than the note. At the trial in the Superior Court, the evidence tended to show that the defendant's damages were less than the note. The jury returned a verdict for the defendant, which the court set aside of its own motion. The defendant then moved that a verdict be entered for the plaintiff for the difference between the amount of the note and the damages which the evidence showed that the defendant had sustained. The court overruled the motion; and the defendant alleged exceptions. *Held*, that the exceptions must be overruled, with double costs.

CONTRACT on a promissory note for $400. The defendants in their answer sought to recoup damages occasioned by the alleged conversion, by the holder of the note at the time of its maturity, of a certificate of stock which the defendants had deposited with the holder of the note as collateral security for the payment of the same at maturity, claiming that said damages amounted to $552.

At the trial in the Superior Court, before *Gardner*, J., the evidence tended to show that the defendants' damages for the alleged conversion could not have been more than $368. The jury returned a verdict for the defendants, which the court immediately set aside of its own motion. Thereupon the defendants moved that they be allowed to remit the difference between the amount of the note and the amount of the defendants' damages, to wit, $32, with verdict for the plaintiff. The plaintiff would not consent to this. The judge refused the motion; and the defendants alleged exceptions.

*S. Butler*, for the defendants.

*D. F. Fitz*, for the plaintiff, moved for double costs.

BY THE COURT. It was within the discretion of the Superior Court to set aside the verdict rendered for the defendants. The court had no power to change the verdict for the defendants into a verdict for the plaintiff, even before it was set aside. After it was set aside, it certainly had no power to order a verdict to be entered for the plaintiff.

The motion of the defendants was rightly denied.

*Exceptions overruled, with double costs.*