### John O'Connell _vs._ Patrick O'Leary.

Bristol.    October 24, 1889. — February 26, 1890.

Present : Devens, C. Allen, Holmes, & Knowlton, JJ.

_Record — Amendment — Verdict — Res Judicata._

A case came on for a second trial after the sustaining of exceptions alleged at the former trial. Before it was opened to the jury the presiding judge ordered the record of the former proceedings, which simply showed a general verdict for the plaintiff, to be amended to conform to the bill of exceptions, which recited that the jury, being directed to find a general verdict, and, if for the plaintiff, to answer how much they found on a certain count, returned a general verdict for the plaintiff, and, in reply to the question, said that they found nothing for the plaintiff on that count. The record having been amended, the judge ruled that the case on that count was not open to the plaintiff. _Held_, that the plaintiff had good ground for exception.

Tort. The declaration was in five counts. After the former decision, reported 145 Mass. 312, the case came on for trial in the Superior Court, before _Staples_, J., who ruled that the plaintiff was not entitled to recover on the fifth count, and, after the plaintiff became nonsuit, reported the case for the determination of this court. If the ruling was wrong, the nonsuit was to be stricken off, and the case stand for trial; otherwise the nonsuit was to stand. The facts appear in the opinion.

_E. Avery & T. F. Desmond_, for the plaintiff.

_J. Brown_, for the defendant.

HOLMES, J. This case came on for a second trial, after the decision of this court sustaining the exceptions reported 145 Mass. 311. Before the case was opened to the jury, the presiding judge ordered the record of the former proceedings, which simply showed a verdict for the plaintiff for $6,300, to be amended, in accordance with what appeared in the bill of exceptions in the same words, so as to read, "the jury were directed to find a general verdict, and, if for the plaintiff, to answer how much they found on the fifth count. They returned a verdict for the plaintiff for the sum of $6,300, and, in answer to the question, replied that they found nothing for the plaintiff on the fifth count." We assume that the amendment was properly made, if material. *Balch* v. *Shaw*, 7 Cush. 282, 284. *Fay* v. *Wenzell*, 8 Cush. 315, 317. *Rugg* v. *Parker*, 7 Gray, 172. *Gloucester* v. *County Commissioners*, 116 Mass. 579, 581. *Savage* v. *Blanchard*, 148 Mass. 348, 351.

The record having been amended, the judge ruled that the case on the fifth count was not open to the plaintiff; and the plaintiff excepted. This exception must be sustained. The case is governed by the principle laid down in *Hawks* v. *Truesdell*, 99 Mass. 557, " It is the verdict, with the judgment of the court upon it, which constitutes the estoppel, or the *res adjudicata.*" The verdict, as the record stands even now, was a general one for the plaintiff upon all the counts, and when it was vacated it was vacated altogether. If an answer that the jury found nothing for the plaintiff on one count controls a verdict for the plaintiff on all the counts, then, no doubt, the answer of the jury showed that the verdict ought not to have been rendered as it was, and very possibly the inconsistency might have been remedied at the time, if justice had seemed to require it. *Hadley* v. *Heywood*, 121 Mass. 236. But if the record had been put into such a shape as to conclude the plaintiff upon the fifth count unless he took further steps, he might have insisted on exceptions, or have moved for a new trial, which, as the record stood, he had no motive, and now has lost his chance to do. The record as now amended does not show that justice requires an amendment of the verdict at the present time, and cannot show that such an amendment would not do great injustice to the plaintiff. No such amendment was attempted by the pre-

siding judge. It could not have been made without other evidence than was before the court, and, in view of the contradiction between the verdict and the answer of the jury, it is at least doubtful whether it could have been made except in the presence of the jury and with their assent. The jury affirmed a general verdict for the plaintiff, and it was accepted. We cannot say that, if the answer to the judge's question had been presented to them in the form of a verdict for the defendant, they would have affirmed it. *Roberts* v. *Rockbottom Co.* 7 Met. 46, 49. See *Phillips* v. *Granger*, 134 Mass. 475.

*Nonsuit stricken off.*