JEROME F. MANNING *vs.* AMARIAH LELAND.

Middlesex.   March 16, 1891. — May 18, 1891.

Present: FIELD, C. J.; C. ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Agency — Ratification — Estoppel — Trial by Judge without a Jury — Exceptions.*

In an action by an attorney at law to recover for professional services, the judge, who tried the case without a jury, found that the defendant did not authorize the employment of the plaintiff by a third person, and did not know that he was acting as counsel until after his claim was paid; and refused to rule, as requested by the plaintiff, that such person had authority thus to bind the defendant, that the latter was estopped to deny such agency, that such person's naming the plaintiff as attorney in a paper in the case was the act of the defendant by his agent, and that the defendant's receipt of the money was a ratification of the employment. A bill of exceptions alleged by the plaintiff did not purport to contain all the evidence bearing upon the rulings or introduced at the trial. *Held,* that the rulings were rightly refused.

CONTRACT by an attorney at law to recover for professional services and for disbursements in prosecuting an Alabama claim. Trial in the Superior Court, without a jury, before *Sherman,* J., who allowed a bill of exceptions, in substance as follows.

It appeared that the Court of Commissioners of Alabama Claims had rendered judgment upon the claim in question in favor of Benjamin P. Sherman as complainant, and of the defendant as beneficiary; and that the defendant received a draft from the United States Treasurer in payment of his claim as such beneficiary. The plaintiff testified that he was employed by Sherman to prosecute the claim in behalf of Sherman and

various beneficiaries, his compensation to be contingent on his success therein; that the defendant gave an affidavit which was used by the plaintiff in obtaining judgment for him, in which the defendant named the plaintiff as his attorney in the case; and that the plaintiff alone appeared in such case before that court. The defendant testified that he never employed nor authorized said Sherman to employ the plaintiff, and gave other evidence in contradiction of the plaintiff.

The judge found as a fact that the defendant did not employ the plaintiff, nor authorize said Sherman to employ him, and did not know that the plaintiff was acting as counsel in said case until after said draft was paid.

The plaintiff requested the judge to rule as follows: "1. That B. P. Sherman, as agent for the defendant, had lawful authority to bind the defendant, and did bind the defendant (in executing the petition and its amendments) to pay the plaintiff his reasonable and just fees for services and his expenses. 2. That the defendant is estopped from denying this agency, and is bound, as principal, to the plaintiff to pay him what is lawfully his due for his services and expenses. 3. That the naming by Sherman, in his amendment to his petition, of the plaintiff as the attorney for the beneficiaries (of whom the defendant was one) was lawful authority of the principal, Leland, by his agent, Sherman, and binds the defendant to pay the plaintiff his lawful fees and expenses. 4. That the act of the defendant in receiving the money paid on the judgment in defendant's favor by the United States was a ratification by the defendant of Sherman's act in employing the plaintiff as the attorney of the defendant, and binds the defendant to pay the plaintiff his lawful and reasonable fees for his services and necessary expenses incurred in the prosecution of the claim."

The judge refused so to rule, and found for the defendant; and the plaintiff alleged exceptions.

*J. F. Manning, pro se.*

*W. H. Powers,* (*N. Currier* with him,) for the defendant.

MORTON, J. The plaintiff's exceptions are confined wholly to four rulings, which he requested the court to make, and which the court declined to give. The exceptions do not purport to contain all the evidence introduced at the trial, nor all

of the evidence bearing upon the rulings which the plaintiff requested. The judge who tried the case made certain findings of fact, and the question is not whether these findings of fact were justified by the evidence, with which we cannot deal, but whether, in view of the findings of fact and so much of the evidence as is reported, the court rightly refused the rulings requested by the plaintiff.

The first ruling asked by the plaintiff was that Sherman, as agent of the defendant, had lawful authority to bind the defendant, and did bind the defendant, to pay the plaintiff. But the court expressly found as a fact that the defendant did not authorize Sherman to employ the plaintiff, and did not know that the plaintiff was acting as counsel till after the draft was paid; so that, while the ruling asked for would have been correct, and would no doubt have been made by the court if the finding had been that Sherman was the agent of the defendant, it became wholly inapplicable in consequence of the finding (which it was in effect) that Sherman was not the agent of the defendant.

Next, the plaintiff asked the court to rule that the defendant was estopped to deny the agency, and was bound, as principal, to pay the plaintiff. If the defendant had known that the plaintiff, by authority of Sherman or without it, was assuming to act as his agent, and did nothing to disaffirm his acts, but allowed him to go on, and accepted the draft which was the result of the plaintiff's efforts as agent in his behalf, then the defendant might have been estopped to deny the agency. But here, again, the express finding of the court that the defendant not only did not authorize the employment of the plaintiff, but that he did not know that the plaintiff was acting as counsel till after the draft had been paid, disposes of the ruling requested. There is no principle of law which will estop the defendant from denying that the plaintiff was his agent, when it appears that he did not authorize the employment of the plaintiff, and did not know, when he received the money that belonged to him, that the plaintiff had claimed to act as his agent in procuring it. The plaintiff's testimony that the defendant made an affidavit in which he named the plaintiff as his attorney is met, not only by the finding of the court, but also by the statement in the exceptions that " the defendant testified that he never

employed nor authorized said Sherman to employ the plaintiff, and gave other evidence in contradiction of the plaintiff."

The third ruling requested was, in substance, that the naming of the plaintiff in the amendment to the petition as attorney for the beneficiaries was the act of the defendant by his agent, Sherman, and bound the defendant. But this ruling rested on the assumption that Sherman was the agent of the defendant, which the court found was not so, and the ruling was therefore rightly refused.

The fourth ruling requested was, in effect, that the act of the defendant in receiving the money paid on the judgment obtained by the plaintiff in the defendant's favor was a ratification of the employment of the plaintiff by Sherman, and bound the defendant to pay the plaintiff for his services in the prosecution of the claim. It is " clear that any ratification of an unauthorized contract, in order to be effectual and obligatory, must be shown to have been made with a full knowledge of all essential facts connected with the transaction to which it relates." *Dickinson* v. *Conway*, 12 Allen, 487, 491. *Combs* v. *Scott*, 12 Allen, 493, 496. *Chaffee* v. *Blaisdell*, 142 Mass. 538. *Murray* v. *Nelson Lumber Co.* 143 Mass. 250, 251. But the court found that, when the defendant received the money, he did not know that the plaintiff was acting as counsel, and the act of receiving the money would not therefore amount to a ratification by the defendant of the plaintiff's acts as his agent, and the ruling was rightly refused.

For these reasons the entry must be,

*Exceptions overruled.*