ANNIE M. CASHIN *vs.* CORPORATION FINANCE COMPANY.

Suffolk. ·November 21, 1924. — January 28, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Corporation*, Officers and agents. *Agency*, Scope of authority, Ratification. *Bills and Notes*.

At the trial of an action against a corporation upon its promissory note, it appeared that the note was signed and delivered by the treasurer of the corporation pursuant to instructions by its president to the treasurer to carry out details of a transaction for the purchase of shares of the corporation's own stock which were held by a third person and which the president had informed the payee, who previously had been a director, he wished "to take up." There was no evidence of any express authority in the by-laws or by vote of the directors empowering the treasurer to sign or deliver the note or authorizing or mentioning the taking up of the shares; or that the matter was considered by the board at a meeting. While it appeared that the president "talked with four or five of the nine directors, the conversations he had were not in evidence, and it did not appear that even a majority of the directors knew of any of the details of the transaction or approved the purchase of the stock or the loan by the plaintiff. There was no entry as to the transaction in the stock book or other books of the corporation excepting one, the origin of which did not appear, simply mentioning the note in the "Notes Payable." It appeared that another concern had made a payment on the note, but there was no evidence to show that the defendant knew of or authorized that payment or that the concern making it had any connection with the defendant. While it appeared that the treasurer previously had signed notes of the corporation to other persons which had been paid, there was no evidence thereof in the corporation's books or that the directors ever heard thereof. *Held*, that

(1) There was no evidence sufficient to warrant a finding that the defendant's directors authorized its treasurer to purchase the corporation's own stock;

(2) There was no evidence that the execution or delivery of the note sued on was authorized or ratified by the defendant;

(3) Judgment should be entered for the defendant.

CONTRACT upon a promissory note of the defendant for $1,000, payable to Arthur Berenson and by him indorsed in blank, on the face of which it was stated that fifty shares of the stock of the defendant were pledged as collateral

security for its payment.    Writ in the Municipal Court of the City of Boston dated August 26, 1922.

At the trial in the Municipal Court, the judge's only finding as to a payment on account of the note was as follows: "On July 24, 1922, Arthur Berenson received from the Commonwealth Securities Trust a check drawn on a Boston bank in the sum of $140, which he cashed, and which was requested to be credited as payment of the first installment on the note and interest, according to letter" signed by "Commonwealth Securities Trust, By A. I. Bicknell Treasurer," addressed to Mr. Berenson and reading as follows: "In accordance with our understanding we are enclosing herewith check for $140 on account of the indebtedness of the Corporation Finance Company, due in acordance with the note signed by that corporation on January 24th.   Of this check you are to apply $100 on principal and $40.00 interest to July 24th."

Other material evidence is described in the opinion.    At the close of the evidence, the defendant asked for and the judge refused to give the following rulings:

"1. Upon all the evidence the plaintiff is not entitled to recover."

"4. There is not sufficient evidence to warrant a finding that the execution and delivery of the note sued on ever was authorized or ratified by the defendant corporation.

"5. If by the by-laws of defendant corporation its treasurer was given no authority to execute the note sued on, the plaintiff cannot recover."

"13. There is no evidence sufficient to warrant a finding that the board of directors of defendant corporation authorized its treasurer to purchase the corporation's own stock."

"24. There is not sufficient evidence to warrant a finding that the defendant received any consideration for said note."

The judge found for the plaintiff in the sum of $700 and, at the request of the defendant, reported the action to the Appellate Division, who ordered the report dismissed.   The defendant appealed.

*G. S. Ryan*, for the defendant.

*W. B. Keenan*, for the plaintiff.

CARROLL, J. A promissory note for $1,000, dated January 24, 1922, and signed by the defendant by its treasurer, Charles S. Beatty, was delivered to the payee, Arthur Berenson, and by him indorsed to his secretary, it being agreed that " the action should be considered in all respects as though no transfer had been made, and Berenson, the payee, were the plaintiff." Before the execution of the note, the defendant's president informed Berenson that he wished to take up fifty shares of the preferred stock of the defendant corporation held by one McKenney, which could be bought for $1,000. Beatty was instructed by the president to carry out the details of the transaction. Berenson paid for the stock and received from Beatty the note in suit, the certificate of stock being indorsed to Berenson, he agreeing to deliver the certificate to the defendant when the note was paid. Berenson (hereinafter called the plaintiff) was elected a director of the defendant corporation for the term of one year in the years 1919, 1920, and 1921. There was evidence that he resigned as director in " the latter part of 1920 or the early part of 1921 " and, as we construe the report, it was found that he had knowledge of the defendant's by-laws when he was a director but had no knowledge of them after he resigned. The by-laws of the defendant were in evidence. It was found that a vote of its board of directors, giving Beatty charge and direction of the defendant's affairs subject to the direction of its president, was passed at a meeting of a majority of the board, although the minutes of the meeting were not signed by the recording officer. The records of the defendant's board of directors contained no reference to the purchase of the stock from McKenney or the transaction by which the note in suit was delivered to the plaintiff. In the Municipal Court of the City of Boston there was a finding for the plaintiff. The defendant's request, that there was no evidence sufficient to warrant a finding that the defendant's directors authorized its treasurer to purchase the corporation's own stock, was refused.

Assuming that the directors, without a vote of the stockholders, could purchase the stock of the Corporation Finance Company, *Commercial Brewing Co.* v. *McCormick*, 225 Mass.

504 (see *Leland* v. *Hayden*, 102 Mass. 542, 551, *Tuttle* v. *Batchelder & Lincoln Co.* 170 Mass. 315), the transaction in question was never considered at a meeting of the directors and was never, in the words of the report, "formally brought to the attention of defendant's Board of directors, at a meeting." The records show that no meeting of the board was held in the year 1922 until May 24. The board of directors did not act collectively as a board. *Commercial Brewing Co.* v. *McCormick, supra.* It was thereupon incumbent on the plaintiff to prove that the directors, or at least a majority of them, knew of the transaction and its terms and with such knowledge acquiesced in it and adopted it. *Murray* v. *Nelson Lumber Co.* 143 Mass. 250. *Sears* v. *Corr Manuf. Co.* 242 Mass. 395.

The board of directors was made up of nine members and the only evidence bearing on the knowledge of the directors, or a majority of them, is the testimony of the defendant's president, that before making the loan he talked with Beatty, Thompson and two or three other directors. It does not appear when this conversation was and it does not appear that even a majority of the directors knew of any of the details of the transaction or approved the purchase of the stock or the loan to the plaintiff. There was no evidence of a ratification by the corporation or its directors. No mention was made of the transaction in the record of the directors' meetings. The fifty shares of stock did not appear on the defendant's books as assets. There was no entry in the cash book on the page allotted to the plaintiff. The only entry bearing on the matter was in the journal under date of May 27, 1922, of " Notes Payable " to " A. Berenson " $1,000; and the defendant's treasurer testified he did not know by whom this entry was made. The stock was held by the plaintiff and never was transferred to the defendant. If any benefit was received by the corporation, there was nothing to show that the directors knew of it. The request therefore that the defendant's directors gave no authority to the treasurer to purchase the stock should have been given, and its refusal was error. *Murray* v. *Nelson Lumber Co., supra.* *C. A. Dodge Co.* v. *Western Avenue Tabernacle Baptist Church,* 247 Mass. 330.

The defendant's fourth request, that there was no evidence that the execution or delivery of the note sued on was authorized or ratified by the defendant, should have been given for the reasons stated. A payment on the note was made in July, 1922, by the Commonwealth Securities Trust, but there is no evidence to show that this payment was known to the defendant or authorized by it. And it does not appear that the trust company had any connection with the defendant or was acting for it in making the payment.

There was no authority given the treasurer to sign the note for the purchase of the company's stock. The judge found that the by-laws gave no authority to the treasurer to purchase the defendant's own stock, that no authority was given him by the stockholders. The by-laws are silent on the treasurer's authority to bind the corporation by a note signed by him; and while the vote at the meeting of the directors on July 22, 1920, appointed Beatty an officer of the corporation to have general charge of its affairs, subject to the direction of the president, by an earlier vote the checks of the corporation were to be signed by the president and countersigned by the treasurer. We find nothing in the evidence to indicate that Beatty had express authority to sign the note in suit. See *Mahone* v. *Manchester & Lawrence Railroad*, 111 Mass. 72, 75; *Williams* v. *Dugan*, 217 Mass. 526; *Forgeron* v. *Corey Hill Garage, Inc.* 249 Mass. 163, 165. Nor do we find any evidence that he was clothed with apparent or ostensible authority to execute the note. Beatty testified that on two occasions he executed notes on behalf of the corporation, one in the sum of $500 and one for $1,000, and that they were paid by the corporation. The books of the corporation which were in court contained no record of these notes, there was no record of any vote authorizing them, and no evidence that the directors ever knew of these transactions. *Sears* v. *Corr Manuf. Co., supra.* There is no evidence showing that the responsible officers of the corporation knew that these two notes were executed by Beatty in the name of the corporation, his acts were not adopted as the acts of the corporation, his acts therefore in executing the two notes were not ratified. *Sears* v. *Corr Manuf. Co., supra,* and cases cited.

The treasurer had no authority to sign the note of the defendant for the purchase of stock in the corporation. The purchase of the stock was not authorized or approved. The plaintiff cannot recover on the note and the request, that the plaintiff could not recover, should have been given. The order dismissing the report must be reversed, and judgment entered for the defendant.

*So ordered.*