WALTER WOJCIK *vs.* CADILLAC BERKSHIRE COMPANY.

Berkshire.   March 16, 1926. — June 3, 1926.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Agency*, Scope of employment.

If, at the trial of an action against the proprietor of a garage by one who entered the garage between four and five o'clock on the afternoon of Christmas to buy a bolt for an automobile, found there only one person, who directed him, "Come with me," and following whom he fell into a hole in the floor of a dark room and was injured, the only evidence of the employment and authority of such person was that he was the "floor man," that he looked at cars that came in and out, kept the place clean, and did any odd work that was to be done, any odd work around the place, and that he was not a repair man except in a general way, a finding that such employee had either direct or apparent authority to act as sales clerk for the defendant or that he had authority to invite the plaintiff to follow him to the room where he fell was not warranted and a verdict for the defendant should have been ordered.

TORT for personal injuries.   Writ dated March 5, 1923.

In the Superior Court, the action was tried before *Callahan, J.*   Material evidence is described in the opinion.   At the close of the evidence, the defendant moved that a verdict in its favor be ordered.   The motion was denied.   There was a verdict for the plaintiff in the sum of $4,910.   The defendant alleged exceptions.

The case was submitted on briefs.

*M. B. Warner,* for the defendant.

*C. H. Wright & W. J. Donovan,* for the plaintiff.

PIERCE, J.   This is an action in which the plaintiff seeks to recover damages for injuries caused by falling through an opening in a floor in a small room used as an entrance to the boiler room of the defendant's garage situated on the east side of North Street in the city of Pittsfield.   At the close of the evidence the defendant duly presented a motion in writing that a verdict be ordered for the defendant.   The motion was denied.

Stating the facts, as the plaintiff contends the jury properly could have found upon the evidence, it appears in substance

that the plaintiff and his brother on Christmas Day, 1922, between four and five o'clock in the afternoon, while motoring through Pittsfield discovered that a bolt was needed for the Oakland car the plaintiff was driving.   On the easterly side of North Street in Pittsfield stood a garage and salesroom owned and conducted by the defendant.   The sign "Cadillac Berkshire Company" appeared upon the office window facing North Street.   In the display window was an automobile. There was an entrance to this part of the garage through a door opening directly from North Street.   There was a driveway for automobiles from North Street running easterly along the northerly side of the building and, through large doors with a small door therein, entering the defendant's garage, where motor vehicles were cared for.   On the southerly side of the driveway near the large door there was a door which, among other uses, was used as an entrance to the boiler room in the basement of the building, where was located the boiler and heating apparatus for the defendant's building and garage.   This door opened into a small room, about four by six feet, from which there was an entrance to the cellar.

The plaintiff stopped and parked his car on the westerly side of the street opposite the defendant's garage.   It was dark at the time.   There was no light in the front part of the building.   The plaintiff walked along the driveway to the garage, opened the driveway doors and saw a light in the garage.   There was a man, Norden, about the middle of the garage fixing or cleaning a car.   The plaintiff asked this man to sell him a bolt.   Norden said nothing but continued to work upon the automobile for a little while, the plaintiff meanwhile waiting; then Norden turned and said "Come on."   Norden went to the corner of the garage and picked up a little box and said "Come with me," and the plaintiff went with him to the doorway above described, near the large door to the garage.   Norden then said, "You come up in the office. . . . You come up here so we can get in the office."   They went together to the small door, Norden opened it and they entered.   It was dark.   Norden said "Close the door"; the plaintiff took a step and fell in an

open hole in the floor of the room.    The hole was a hatchway enlarged to let a section of boiler down.    On cross-examination, the plaintiff testified that Norden, in reply to his request to sell him a bolt, told him to "come on, but he don't say a word he was going to sell me the bolt or not, only told me to come on, so I follow him."    And to the question, "Was anything said about the price of the bolt, what you was to pay for it?" answered, "No, sir, I didn't see a bolt yet.    We don't find a bolt yet and he don't tell me any price for the bolt."

The only evidence as to Norden's employment or authority is found in the testimony of Norden, who said that he was in the garage on the evening of the day in question; that he was the floor man; that he looked at cars that came in and out, kept the place clean, and did any odd work that was to be done, any odd work around the place; and in the testimony of McMahon, the president of the company, who said Norden had charge of the floor and of the cars coming in and out of the garage; and that he was not a repair man except in a general way.

The request for a directed verdict should have been given. The defendant was required by G. L. c. 90, § 32, either by itself or by some person specially designated for the duty, to keep a record in the form prescribed of motor vehicles entering and leaving the garage, with the full name of the operator or chauffeur.    The presence of Norden in the capacity of a floor man in the garage at the time when the plaintiff asked Norden to sell him a bolt is consistent with obedience to the statute referred to, and does not import that he was an agent or servant of the defendant clothed with authority to sell the property of the defendant, be such great or small.    It cannot be inferred that an employee in a public garage has authority to sell property of his employer, especially where as here there is no evidence that the defendant itself in its garage ever sold or authorized the sale of its property by any one.    In a word, the servant Norden on the evidence had neither direct nor apparent authority to act as sales clerk for the defendant.    *O'Leary* v. *Fash*, 245 Mass. 123.    It follows that Norden was without authority to invite the plaintiff

to follow him to the room where he fell, and that the plaintiff in following him had no greater rights than a bare licensee, if indeed he was not a technical trespasser. *Douglas* v. *Holyoke Machine Co.* 233 Mass. 573.

*Exception sustained.*

*Judgment for defendant under*