TREASURER AND RECEIVER GENERAL *vs.* MACDALE WAREHOUSE CO. & another.

Suffolk. December 5, 1927. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Corporation,* Officers and agents. *Agency,* Scope of authority or employment. *Evidence,* Competency. *Warehouseman. Surety.*

In an action under G. L. c. 105, § 3, against a corporation as principal and a surety company as surety upon a warehouseman's bond, it appeared that the principal had received a license to do business in Boston which did not otherwise state its place of business, and that the license was unrevoked at the time of the alleged breach of the bond; that one individual owned all the stock of the corporation, except two or three shares which stood in the names of his wife and others to enable them to qualify as directors, and held the offices of director, treasurer and general manager; that in June, after the corporation had been doing no business for six months, that individual in the corporation's name issued warehouse receipts for the goods, loss of which constituted the alleged breach of the bond; that the receipts were on blanks which had been signed for use by the corporation at its former place of business and bore that address, but stated a different address as the place of storage of the goods; that about six months before the issuance of the receipts the corporation had turned over all the goods held by it in storage, had sold all its equipment to another company, and had suspended doing any business whatever; that there were no signs on the building, doors or windows to indicate that the corporation was engaged in business at the place named in the receipts as the place of storage of the goods; and that the individual carried on business there without any specific or direct authority from the corporation. There was no evidence to warrant a finding that the issuance of receipts was within the express authority of the individual who issued them. *Held,* that

(1) Acts and declarations by the individual who signed the receipts as an officer of the corporation were binding upon it only to the extent that such acts and declarations were within his express or implied authority;

(2) Acts or declarations by such officer were incompetent to prove his authority or its extent;

(3) Findings were warranted that the receipts were not issued by the express or implied authority of the corporation;

(4) The individual who signed the receipt, although director, treasurer and general manager, as such did not have unlimited authority to bind the corporation by his acts.

In the action above described, the warehouse corporation, principal on the bond, was defaulted for failure to answer, and the judge found against it in the sum of $1 upon default. *Held,* that

(1) A final judgment against the principal named in the bond was required to establish liability of the surety;

(2) Such judgment by default was not equivalent to a final judgment on the merits, and did not establish liability of the surety;

(3) The finding by the judge against the principal in the sum of $1, if erroneous, had no bearing upon any issue involved between the plaintiff and the surety on the bond, and it was not necessary to consider whether that finding was or was not erroneous.

CONTRACT, brought, as amended, by the Treasurer and Receiver General for the benefit of the National Radiator Company under G. L. c. 105, § 3, against Macdale Warehouse Co. as principal and Massachusetts Bonding and Insurance Company as surety on a warehouseman's bond. Writ dated January 28, 1925.

In the Superior Court, the defendant Macdale Warehouse Company was defaulted for failure to answer. The action was heard as against the surety company by *Bishop,* J., without a jury. Material evidence, findings and rulings by the trial judge are stated in the opinion. There was a finding for the defendant. The plaintiff alleged exceptions.

*G. W. Reed,* for the plaintiff.

*R. H. Holt,* (*R. H. Hopkins* with him,) for the defendant, Massachusetts Bonding and Insurance Company.

CROSBY, J. This is an action of contract, brought by the National Radiator Company in the name of the Treasurer and Receiver General of the Commonwealth, under the provisions of G. L. c. 105, § 3, against the Macdale Warehouse Co., a Massachusetts corporation, as principal, and the Massachusetts Bonding and Insurance Company, also a Massachusetts corporation, as surety, on a warehouseman's bond dated January 9, 1920, running to Charles L. Burrill as Treasurer and Receiver General, or his successor or successors in office.

The Macdale Warehouse Co. was incorporated on January 6, 1920, for the purpose, among others, of "The creation and maintenance of warehouses for the storage of all kinds of goods and merchandise." The incorporators were Edward A. O'Donnell, John E. O'Donnell and John J. McCaffrey. McCaffrey, who owned all the stock of the corporation except two or three shares which stood in the names of his wife and others to enable them to qualify as directors, held the offices of director, treasurer and general manager. Shortly after incorporation, the Macdale company, as principal, and the Massachusetts Bonding and Insurance Company, as surety, executed and delivered the bond above referred to, which was examined and approved by the Governor of the Commonwealth. The condition was that "whereas the said Macdale Warehouse Company has been duly elected or appointed Public Warehouseman and has accepted the said office, Now, Therefore, if the said Macdale Warehouse Company shall faithfully perform and discharge all the duties of said office, as they now, or may hereafter, exist, during the term for which it has been elected or appointed and during such further time as it may continue to hold said office, whether by re-election or otherwise, then this obligation shall be void, otherwise it shall be and remain in full force and virtue." The bond was given as required by R. L. c. 69, § 1. The Macdale company paid premiums on the bond from 1920 to 1924, and no other bond was filed by it during the times hereinafter referred to. A license to conduct business as public warehouseman in the city of Boston was issued to it, but did not specify at what place in the city the business could be conducted. The application filed by the Macdale company with the Governor was not introduced in evidence. The license was not revoked until after the acts constituting the grounds of the present action arose.

The Macdale company commenced business on January 15, 1920, on leased premises at 36 Scotia Street, Boston, and thereafter, for a short time, conducted its business at 122 West First Street, South Boston. On or about January 1, 1923, the building at 36 Scotia Street having been sold and the lease of the company having expired, it transferred all the

goods then in storage to the Boylston Storage Warehouse Company, which took possession of the Scotia Street property. The Macdale company did no business from January 1, 1923, until June of that year, when McCaffrey rented part of the premises at 350 C Street, South Boston. The lease was not introduced in evidence and there is nothing to show whether such rental was in the name of the Macdale company or of McCaffrey. No records of the corporation or of its books of account were introduced at the hearing. The plaintiff introduced evidence tending to show that the records and books were lost, but the trial judge in his findings states that he did not believe the reasons given for their nonproduction. He found that no meeting of the directors of the corporation was held subsequent to the closing of the Scotia Street warehouse; that McCaffrey rented the premises at 350 C Street and carried on business there without any specific or direct authority from the corporation or of its board of directors; that there were no signs on the building or lettering on the doors or windows to indicate that the corporation was carrying on business at 350 C Street. The judge further found that there was nothing to indicate whether the business was being conducted by the Macdale company or by McCaffrey, personally, except for the issuance of the warehouse receipts on blanks used at Scotia Street, McCaffrey's statements to certain persons, and his indorsement of a certain note.

The only goods received in storage at 350 C Street belonged to one Berry, either under the name of Commonwealth Pipe and Supply Company, or of the Hanover Sales Company, and goods belonging to one Ludden. Berry, doing business in the name of the Commonwealth Pipe and Supply Company, was indebted to the National Radiator Company (for whose benefit this action is brought) and had placed in storage at 350 C Street a quantity of steel pipe. To satisfy the radiator company, which was pressing for payment, McCaffrey, on June 11, 1923, issued to Berry two receipts for this pipe. At the request of Berry these receipts were destroyed by McCaffrey on the same day they were issued and McCaffrey issued to the radiator company two receipts for cer-

tain steel pipe. These receipts were delivered on the same day to the credit manager of the radiator company as security for the indebtedness of Berry to the radiator company. Berry placed additional pipe in storage and was asked by the radiator company for further security; another receipt was sent to it. These three receipts were made on blanks which had been signed for use by the Macdale company at 36 Scotia Street and bore that address; all recited that the goods had been received "on storage at 350 C Street, South Boston," for "account of National Radiator Company," and were signed "Macdale Warehouse Company, Inc., by J. J. McCaffrey, Treas." The trial judge found that on May 1, 1924, the radiator company made demand and attempted to obtain delivery of the goods; that they have disappeared and never have been found; that they were worth $7,741.07 at the time of the demand; and that they were lost or stolen through negligence in failing to keep them safely. There is no evidence to warrant a finding, nor is it contended by the plaintiff, that the issuance of receipts was within the express authority of McCaffrey as an officer of the Macdale company, but the plaintiff seeks to establish that such action was within his apparent or ostensible authority, and that therefore the Macdale company is liable as a principal.

The question, whether or not McCaffrey had apparent authority, is one of fact on all the evidence. *Hosher-Platt Co.* v. *Miller*, 238 Mass. 518, and cases cited. It is plain the trial judge found that McCaffrey did not have apparent authority from the Macdale company to issue receipts, as indicated by the eleventh and twelfth rulings given as requested by the defendant Massachusetts Bonding and Insurance Company. Besides, the giving of the bonding company's fifteenth request, that upon all the evidence the plaintiff is not entitled to recover, is equivalent to a finding that McCaffrey had no ostensible authority to bind the company. The reported evidence warranted that finding and it must stand. "The general and special findings of the judge in an action at law are to stand if warranted in law upon any possible view of the evidence." *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 143. Acts and declarations of

McCaffrey as an officer of the corporation are binding upon it only to the extent that such acts and declarations are within his express or implied authority. His acts and declarations were incompetent to prove his authority or its extent. *Manning* v. *Carberry,* 172 Mass. 432. *Blaisdell* v. *Hersum & Co. Inc.* 233 Mass. 91, 94. The evidence fails to show that after the business was discontinued at Scotia Street there was any authority express or implied given to McCaffrey to open a warehouse at 350 C Street. His uncontradicted testimony shows that such discontinuance took place as the result of a regular meeting of the directors in January, 1923, at which it was voted to turn all the property then in storage over to another warehouse company that had leased the premises, and that at the same time the office furniture and several trucks were sold to the new lessee; that the Macdale company did no business for about six months after January, 1923; that after the meeting of the directors at which it was voted that the transfers be made to the new lessees there was no meeting, nor had any corporate action been taken to continue its business.

Although McCaffrey owned nearly all the stock, his acts were not acts of the corporation with authority given by the directors at a regular meeting. *England* v. *Dearborn,* 141 Mass. 590. *Star Brewing Co.* v. *Flynn,* 237 Mass. 213, 217. *Selden Truck Corp.* v. *Selden Truck Service Co.* 257 Mass. 58. The findings that the corporation had turned over all the goods held by it in storage, and had sold all its equipment to another company, and had suspended doing any business whatever for a period of about six months, that there were no signs on the building, doors or windows to indicate that the corporation was engaged in business at 350 C Street, warranted a finding that McCaffrey was not clothed with ostensible authority to issue receipts in the name of the Macdale company or to resume its business in a new location. *Perry* v. *Osborne,* 5 Pick. 422. *Cashin* v. *Corporation Finance Co.* 251 Mass. 60, 64. *Wojcik* v. *Cadillac Berkshire Co.* 256 Mass. 317, 319. *Commercial Casualty Ins. Co.* v. *Daniel Russell Boiler Works, Inc.* 258 Mass. 453, 454, 455. McCaffrey, although director, treasurer and general manager, as

such did not have unlimited authority to bind the corporation by his acts. *England* v. *Dearborn, supra. Bi-Spool Sewing Machine Co.* v. *Acme Manuf. Co.* 153 Mass. 404. See *Wainwright* v. *P. H. & F. M. Roots Co.* 176 Ind. 682. The exceptions to the admission of evidence cannot be sustained.

The contention of the plaintiff that the defendant bonding company has no defence to this action because the default of the Macdale company established its liability cannot be sustained. A final judgment against the principal named in the bond is required to establish liability of the surety. See *McIntire* v. *Cottrell*, 185 Mass. 178, 182. The entry of a default against the principal is not equivalent to a final judgment. *Hooten* v. *G. F. Redmond & Co. Inc.* 237 Mass. 508, 513. See *Gardner* v. *Butler*, 193 Mass. 96; *Hurnanen* v. *Gardner Automobile Co.* 225 Mass. 189. As the judgment by default against the principal is not final judgment on the merits the surety is not bound by it. *O'Connell* v. *O'Leary*, 151 Mass. 83, 84. *New York Central & Hudson River Railroad* v. *The T. Stuart & Son Co.* 260 Mass. 242, 246, 249.

The finding of the trial judge against the Macdale Warehouse Company and the assessment of damages against it in the sum of $1 upon default, if erroneous, have no bearing upon any issue involved between the plaintiff and the surety on the bond. Accordingly the question, whether that finding was or was not warranted, need not be considered. The argument of the plaintiff upon this question relates only to its effect upon the liability of the surety.

The findings of the trial judge were not made without evidence to support them. We find no error in dealing with the plaintiff's and defendants' requests for rulings. The exceptions of the plaintiff are overruled, and in accordance with the stipulation of the parties, judgment is to be entered for the defendant Massachusetts Bonding and Insurance Company in accordance with the findings of the Superior Court.

*So ordered.*