EASTERN ADVERTISING COMPANY *vs.* STANDARD NUT COMPANY, INC.

Middlesex.    March 8, 1928.— June 29, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Contract*, Rescission. *Evidence*, Competency, Inference, Hearsay, Of payment. *Agency*, Scope of authority, Ratification. *Corporation*, Officers and agents. *Practice, Civil*, Ordering verdict. *Receipt.*

While, at the trial of an action to recover payments for service under a contract in writing whereby the plaintiff agreed to display certain advertising matter of the defendant, parol evidence was not admissible to contradict or modify the terms of the contract, evidence of negotiations and statements by the parties after the execution of the contract was competent on an issue of the rescission of the contract by agreement.

The plaintiff in the action above described was a corporation with an office in New York, whence its bills for service were sent to customers. Testimony by an employee of the plaintiff in Boston, regarding the practice of the plaintiff's New York office in sending bills, was, upon a motion by the defendant, ordered struck out. It did not appear that the witness had been in New York, or had any personal knowledge about the bills. *Held*, that such testimony was hearsay and properly was struck out.

One of the terms of the agreement for rescission alleged by the defendant at the trial above described was that he should return bills for service, sent to him by the plaintiff for a certain period, to the plaintiff's New York office, whence they would be returned marked "paid." The defendant thereupon returned such bills and received them back stamped "paid," although he paid for service during that period only a small sum, which he admitted was much less than was due from him if any sum were due. *Held*, that

(1) In the circumstances, the receipted bills were not evidence of payment;

(2) The bills were competent on the issue of the alleged rescission.

There was evidence at the trial above described that the agreement for rescission alleged by the defendant was made by the defendant with a salesman of the plaintiff in Boston with whom the defendant had negotiated the contract. The contract provided that no verbal conditions made by agents would be recognized, and that the contract was not binding unless approved by certain officers of the plaintiff. There was no evidence that the plaintiff's officers knew of the alleged rescission agreement. The judge ordered a verdict for the plaintiff for the balance claimed by it to be due and admitted by the defendant to be due, if anything were due. *Held,* that

(1) Nothing appeared to show that the salesman had authority to negotiate for rescission of the contract;

(2) There was no evidence that the alleged agreement for rescission was ratified by the plaintiff: knowledge of the agreement on the part of the plaintiff's officers did not appear;

(3) The testimony with regard to the bills for service did not warrant an inference of such knowledge by the officers;

(4) The verdict properly was ordered for the plaintiff.

CONTRACT. Writ dated September 17, 1925.

In the Superior Court, the action was tried before *Keating,* J. Material evidence is described in the opinion. The judge allowed a motion by the defendant to strike out the evidence given by the witness Murphy concerning the practice in the plaintiff's New York office with regard to bills. At the close of the evidence, the judge denied a motion by the plaintiff to strike out testimony as to conversations between Murphy and the defendant's representative. The judge thereupon ordered a verdict for the plaintiff in the sum of $848.42, and reported the action for determination by this court.

*R. S. Wilkins,* for the defendant, submitted a brief.

*O. T. Wagner,* for the plaintiff.

WAIT, J. By a written contract bearing date August 14, 1924, the plaintiff agreed to display certain advertising matter of the defendant in specified cars of the Boston Elevated Railway, for a period of thirty-six months, beginning, as fixed by a subsequent undertaking, on November 15, 1924; and the defendant agreed to pay therefor $220 a month, payable at the end of each month during the term, payment to be made in lieu of cash in first grade Spanish salted peanuts as set out in the writing. This action is brought to recover payment for service to July 31, 1925.

Credit is given for payments in peanuts to the amount of $1,125.88, and a balance of $744.12 with interest from that date is claimed to be due.

At the trial to a jury it was agreed that the contract was made, that space was reserved from November 15, 1924, to July 31, 1925; that peanuts to the value of $1,125.88 were delivered, and that if any sum was due, it was $744.12 with interest.

The defence was put upon the ground that by agreement of the parties the contract had been rescinded. When both parties rested, the judge allowed the plaintiff's motion for a directed verdict, and the jury duly returned a verdict for the plaintiff for the amount of $744.12 and interest. The report presents for decision the propriety of this ruling and of certain rulings in the admission and exclusion of evidence, upon the stipulation that if, upon the evidence, excluding any improperly admitted, the order directing the verdict was warranted, judgment is to enter thereon for the plaintiff, otherwise there is to be a new trial.

The defendant contended and there was evidence tending to show that in January of 1925 one Murphy, with whom the defendant had dealt in the negotiations resulting in the contract and in the delivery of peanuts thereunder, had agreed with the defendant, in consequence of complaints of the defendant, that enough peanuts had been received to pay the rent to a date in April, and that defendant need do no more till he heard from him; that about the middle of May, Murphy told the treasurer that he had talked with the treasurer of the plaintiff and had a plan which he thought would suit; that the defendant owed about $11 or $12 to April 15; that it send peanuts to that amount, and he thought he had some one to take the defendant's space; that he would try to close with this person and would carry the defendant's advertisements in the cars until the deal with the other prospect was closed; that, in the meantime, it forward the bills sent to the defendant monthly to the New York office, whence they would be returned marked "Paid"; that the defendant agreed to this, returned the bills for service received in April, May, June and July to New York,

and got them back stamped "Paid" although only one barrel of peanuts worth $38 was delivered after the talk with Murphy.

We find no error in the admission or rejection of evidence. No parol evidence was admissible to contradict or to modify the terms of the written contract, but the evidence of negotiations and of statements both preceding and following its execution, was competent on the issue of rescission by agreement, to explain other testimony material to proof of that issue. The testimony of Murphy with regard to the practice in New York in sending bills, and receipting them as paid when in truth not paid, was hearsay. There was no evidence that he had been in New York, or had any personal knowedge in regard to them.

Ordinarily the inferences to be drawn from the possession of bills marked paid would be for the jury. Such receipts for payment are evidence of payment, though not conclusive. *Cosmopolitan Trust Co.* v. *Lyons*, 244 Mass. 115, 121, and cases cited. In the case before us, however, there was no claim that any money had been sent in payment. It was agreed that goods had been delivered in payment only to the extent of $1,125.88, while the contract price to July 31 was $1,870; and that if anything was due $744.12 remained unpaid. It is not open to the defendant to claim that these receipts are to be considered by the jury as evidence of payment, in the face of these admissions. They were of probative value, however, on the issue of rescission.

The essential question is, whether Murphy had authority to agree to a rescission. There is no claim that negotiations were had with any one else on behalf of the plaintiff. He was a salesman of the plaintiff in Boston. The contract expressly provided that "No verbal conditions made by agents will be recognized. . . . This contract is not binding unless approved by the President, Vice-President or Treasurer of the Eastern Advertising Company . . . . All payments must be made to the Eastern Advertising Company, 8 West 40th Street, New York." We see nothing to show that he had authority to negotiate for rescission. Authority to make a contract in writing does not imply authority to

terminate it when once in force. *Boynton* v. *Lynn Gas Light Co.* 124 Mass. 197. *Leverone* v. *Arancio*, 179 Mass. 439. Nor do we find sufficient evidence of any ratification of his acts, if the jury were to find that he made the agreements which appear in the testimony but which he denied. There is no evidence that the responsible officers in New York knew of the agreements. If the evidence of the clerk who stamped the bills of April, May, June and July were believed, the jury could not find such knowledge. If it were disbelieved, then there was nothing unless it be the bills to indicate any knowledge by the corporate officials. These are not sufficient. They furnish no basis for inference of knowledge of the agreement alleged to have been made. Ratification does not exist unless the person ratifying has knowledge of the thing ratified. *Dickinson* v. *Conway*, 12 Allen, 487. *Schwartz* v. *American Surety Co. of New York*, 231 Mass. 490, 494.

The rulings of the judge were right, and pursuant to the stipulation in the report, the entry must be

*Judgment for plaintiff on the verdict.*