JAMES F. MONAGHAN INC. *vs.* M. LOWENSTEIN & SONS INC.

Bristol. December 13, 1934. — March 29, 1935.

Present: RUGG, C.J., CROSBY, FIELD, & LUMMUS, JJ.

*Corporation,* Officers and agents. *Agency,* Scope of authority, Ratification. *Estoppel.*

The planning of a costly finishing plant was no part of the regular business of a corporation engaged in the business of buying unfinished cotton goods, having them finished by others and selling them; and the vice-president of the corporation as such had no ostensible authority to contract in its behalf for the making of plans for such a plant.

Where an officer of a corporation without authority contracted in its behalf for certain engineering services and thereafter, in the course

of correspondence between the parties about the matter, letters were sent by the engineer to the corporation "attention" of the officer, an inference was not warranted from such letters that officers of the corporation who had authority to engage the engineer learned that he was performing the services in reliance on the credit of the corporation, and by their silence ratified the previous employment of him.

Silence of such officers following receipt of a letter addressed by the engineer to the corporation generally, after he had finished performing such services, did not create any estoppel in his favor, even if such officers saw the letter.

Where a bill for such services was sent by the engineer to the officer of the corporation who had hired him, and the bill was returned with a letter, signed in behalf of the corporation by a certain individual as "Secretary," to the effect that the officer was away and that a reading of the correspondence in the matter showed that there was to be no charge made by the engineer, the letter did not constitute a ratification of the officer's acts.

An answer, to a claim made upon the corporation by counsel for the engineer above mentioned, to the effect that "we are not indebted to" him, was not a ratification of the hiring of him.

CONTRACT. Writ dated January 30, 1929.

The action was tried in the Superior Court before *Swift,* J. Material evidence is stated in the opinion. There was a verdict for the plaintiff in the sum of $7,618. The defendant alleged exceptions.

*Lee M. Friedman, (L. B. King* with him,) for the defendant.
*J. G. Bryer,* for the plaintiff.

LUMMUS, J. After a verdict for the plaintiff in an action of contract to recover for the professional services of an engineering corporation in planning a finishing plant for the defendant, the case comes here upon the defendant's exceptions. We need consider only its exception to the denial of its motion for a directed verdict in its favor.

The defendant was in the business of buying "grey" or unfinished cotton goods, having the goods bleached, dyed and finished, and then selling them to customers. On August 25, 1927, a vice-president of the defendant, one E. A. Weiller, visited the plaintiff. Weiller asked the plaintiff to plan roughly for the defendant a finishing plant capable of turning out one hundred million yards of cloth a year, and to compute the floor space needed for the different departments and the probable cost of the plant. No drawings

were to be made, for the location of the plant had not been determined.

There followed a series of letters, on the letterheads of the parties, between the plaintiff, which addressed all but one of its letters to the defendant at New York "attention Mr. E. A. Weiller, Vice-President," and Weiller, who signed his letters "M. Lowenstein & Sons, Inc. E. A. Weiller, Vice-President." After the plaintiff had furnished the plan and computations requested, a dispute arose between it and Weiller, as the letters show, as to whether the oral arrangement made on August 25, 1927, was that the plaintiff was to be paid for this preliminary work in any event, or only in case it should be accepted and used by the defendant. Except for a reply to a letter from the plaintiff, made by one Canter, hereinafter mentioned, there was no evidence that the plaintiff had any dealings with anyone purporting to represent the defendant, except Weiller.

The burden was on the plaintiff to show, not only that the contract alleged was within the corporate powers of the defendant, but also that it was either made or ratified by an officer or officers having authority to bind the corporation. *Cashin* v. *Corporation Finance Co.* 251 Mass. 60, 62, 63. It is a fair inference from the record, that in 1927 the defendant owned no finishing plant, but let out its finishing to others. Planning a new finishing plant, to cost several million dollars, was no part of its regular business. Merely holding the office of vice-president gave Weiller no apparent authority to contract for plans for such a new and large venture. *H. D. Watts Co.* v. *American Bond & Mortgage Co.* 260 Mass. 599, 613. *Treasurer & Receiver General* v. *Macdale Warehouse Co.* 262 Mass. 588, 593. *Horowitz* v. *S. Slater & Sons, Inc.* 265 Mass. 143. *Judkins* v. *Tuller,* 277 Mass. 247. *DeBlois* v. *Boylston & Tremont Corp.* 281 Mass. 498, 520. *Hennessey* v. *Cities Service Refining Co.* 282 Mass. 487. *Massachusetts Hospital Life Ins. Co.* v. *Nesson,* 286 Mass. 216, 221, *et seq.* There was no evidence that Weiller had any actual authority.

The plaintiff contends that the letters sent by the plaintiff to the defendant in New York, in which the plans and com-

putations were discussed, warrant the inference that officers of the defendant having power to employ the plaintiff, such as the directors (*Cashin* v. *Corporation Finance Co.* 251 Mass. 60), knew that the plaintiff was doing the work in reliance upon the credit of the defendant, and by silence ratified the employment of the plaintiff by Weiller. All but one of the letters from the plaintiff were addressed for the attention of Weiller, and it cannot be inferred that they were seen by any other officer of the defendant. The single exception was addressed to the defendant generally, but it was answered by Weiller without delay. There is little ground for inference, if any, that that letter was seen by the responsible officers of the defendant. Even if it were, the plaintiff's plan and computations had already been completed and transmitted to Weiller, and subsequent silence of the defendant could not create an estoppel in favor of the plaintiff. *Manning* v. *Leland,* 153 Mass. 510, 512. *Huntress* v. *Hanley,* 195 Mass. 236, 241. *E. V. Harman & Co.* v. *William Filene's Sons Co.* 232 Mass. 52, 55. *Childs, Jeffries & Co. Inc.* v. *Bright,* 283 Mass. 283, 295. *Sheehan* v. *Commercial Travelers Mutual Accident Association of America,* 283 Mass. 543, 551, 552. *Essex County Acceptance Corp.* v. *Pierce-Arrow Sales Co. of Boston,* 288 Mass. 270, 276, 277.

On January 30, 1928, the plaintiff sent to the defendant, "Mr. E. A. Weiller, Vice-Pres.," a bill for its services. This was immediately returned with a note signed "M. Lowenstein & Sons, Inc. Per Josiah Canter Secretary," stating that Weiller was away and that a reading of the correspondence showed that there was to be no charge. Who Canter was, or what his duties or powers were, does not appear. The note does not purport to ratify any act of Weiller. It betrays no knowledge of the matter except such as might be gained by reading Weiller's correspondence for the purpose of returning the bill. It is consistent with a denial of Weiller's authority to contract. *Brown* v. *Henry,* 172 Mass. 559, 568. If Weiller had merely solicited gratuitous information, as he maintained, the defendant was not concerned, and there was nothing to ratify or repudiate. Ratification imports a full knowledge of all the essential

facts. *Manning* v. *Leland,* 153 Mass. 510, 513. *Eastern Advertising Co.* v. *Standard Nut Co. Inc.* 264 Mass. 238, 242. *Connelly* v. *S. Slater & Sons, Inc.* 265 Mass. 155. *Kidder* v. *Greenman,* 283 Mass. 601, 615, 616. The subsequent answer by Weiller to a statement of claim sent by counsel for the plaintiff, that "we are not indebted to" the plaintiff, contains nothing in the nature of a ratification, even if Weiller had authority to ratify his own acts. *Bi-Spool Sewing Machine Co.* v. *Acme Manuf. Co.* 153 Mass. 404, 408.

The plaintiff cannot recover on the ground, set forth in the second count of its declaration, that the defendant used the plaintiff's work in the construction in 1929 of a finishing plant at Rock Hill, South Carolina. See *Reed* v. *A. E. Little Co.* 256 Mass. 442; *Stetson Press, Inc.* v. *Bunsen Oil Burner Corp.* 285 Mass. 291. If it could be found that the defendant was interested in that plant, the evidence fails to show that the plaintiff's work was used, or could have been used, in its construction.

*Exceptions sustained.*

*Judgment for the defendant.*