Sullivan, J.
This action of contract for one hundred seventy-four dollars and ninety-eight cents is predicated on a promissory note of the following tenor,
“$174.98
Danvers, September 1,1938
In or within one year after date we promise to pay to the order of Sager Electrical Supply Co. One Hundred Seventy Four — 98/100 Dollars — This note is upon the condition, however, that if any proceedings in bankruptcy or otherwise are taken to liquidate the company, then this note shall become due and payable forthwith, and any expenses incurred by the company in the conduct of its business after September 1, 1938 *256 shall be entitled to priority over this note in such liquidation proceedings.
BRAGDON HARDWARE COMPANY, INC. By (Sgd.) C. E. Bragdon President and Treasurer”
The defendant’s answer set up a general denial, a denial of the signature and a request for proof thereof.
There was evidence on behalf of the plaintiff that it sold merchandise to the defendant before September 1, 1938, and the witness in giving .such testimony stated “that so far as he knew” it had not been paid for at the time the note was given; that the signature on the note was that of C. E. Bragdon and thereupon the note was offered in evidence and the plaintiff rested. The defendant absented itself from the trial and no evidence was offered in its behalf. The following request was filed in behalf of the defendant:
“1. Upon the law and the evidence, the plaintiff is not entitled to recover, (a) Because there is no evidence upon which it can be found that the signature on the alleged note is the signature of the defendant corporation, (b) C. E. Bragdon as President of the Bragdon Hardware Co., Inc. had no implied or presumptive authority to issue a promissory note in behalf of the Bragdon Hardware Co., Inc. (e) C. E. Bragdon as Treasurer of the Bragdon Hardware Co., Inc. had no inherent power to execute notes or negotiable instruments binding upon the corporation, (d) Because the note sued upon is not a negotiable promissory note therefore there is no presumption of consideration and the plaintiff had not sustained the burden of proving that there was adequate consideration for the alleged promise.”
The rulings were denied as contrary to the facts found and there was a finding for the plaintiff in accordance with the declaration and interest added thereto.
*257 The report is alleged to contain all the evidence material to the issues involved.
There was no finding of fact made by the trial judge.
In Mericantante vs. Boston & Maine R. R., 291 Mass. 261, 263, it is there stated: “This method of dealing with requests is not to be encouraged, where there are no specific findings of fact. It cannot be assumed that by ‘the facts found’ the judge meant those set forth in the request itself. He may have had in mind other facts found, but not stated. The court is left with no means of knowing to what facts the judge has ruled the request inapplicable and the same difficulties may arise which were discussed in John Hetherington & Sons, L’td. vs. Wm. Firth Co., 210 Mass. 8, 17.” Com. vs. Hull, 296 Mass. 327, 336, 337. Orcutt vs. Segouin, Mass. Adv. Sh. (1939) 1205, 1206 and cases there cited.
In Povey vs. Colonial Beacon Oil Co., 294 Mass. 86, 93 it is there stated that this method of dealing with requests for rulings adopted in the case at bar is not to be commended.
The trial court neglected to observe rule XXVII, as amended, that, “Whenever any request for rulings, founded upon evidence, shall be refused upon the ground that it is inconsistent with or inapplicable to the facts found, or because the facts recited in the request are not found, the Court shall state the facts found, or the facts recited which it does not find, upon which such refusal is based, unless the same appears from special findings filed.” See District Court Rules (1932) page 34 as amended and effective October 1, 1937.
The burden was on the plaintiff to show, not only that the contract alleged in the form of the promissory note was within the corporate powers of the defendant, but also that it was either made or ratified by an officer or *258 officers having authority to bind the corporation. Cashin vs. Corporation Finance Co., 251 Mass. 60, 62, 63. Monaghan, Inc. vs. Lowenstein & Sons, 290 Mass. 331, 333.
There is no evidence of authority given Bragdon as President or Treasurer of the defendant or any ratification of his act by the corporation or its directors, or any acquiescence to it, or knowledge of it by any other officers of the corporation. Davis vs. England, 141 Mass. 590, 591-2.
There is nothing in this case from which authority or subsequent ratification can be inferred.
There is no evidence that the signature on the note is that of C. E. Bragdon President and Treasurer of the defendant and the mere holding of the offices of President and Treasurer gave Bragdon no apparent authority to make the note. Monaghan, Inc. vs. Lowenstein, 290 Mass. 331 at page 333 and cases cited.
There must be proof of Bragdon’s authority to sign the note as President and Treasurer. Peoples National Bank vs. New England Home, etc., 209 Mass. 48, 49, 50 and cases cited.
No such proof has been offered.
There is no evidence that the defendant is a corporation, nor is there evidence that C. E. Bragdon is President and Treasurer of the defendant.
There was evidence that the plaintiff sold merchandise to the defendant prior to the making of the note. The witness giving such testimony, further stated that so far as he knew it was not paid for on September 1, 1938. Such testimony is not positive in its nature and ought not to be given the weight that is necessary to sustain the plaintiff’s burden of proof. Such testimony of the witness “so far as he knew it (the merchandise) was not paid for” indicates indecision and uncertainty on his part as to *259 whether or not the merchandise was paid for. Such testimony enters into the realm of conjecture. No further evidence was offered.
The promise to pay to the order of the payee is absolute. The words of' alleged condition do not create any contingency postponing payment or impose any limitation on or modification of the promise to pay the plaintiff absolutely and in all events. Goodfellow vs. Farnham, 236 Mass. 453, 454, and cases cited. G. L. (Ter. Ed.) C 107, S 207.
It was prejudicial error to deny subdivisions a, b, c of the defendant’s request for rulings of law.
The finding for the plaintiff is vacated.
A finding for the defendant will be entered.