RALPH C. TOWER *vs.* W. C. PLUNKETT & SONS COMPANY, INC.

Berkshire.   September 16, 1947. — October 30, 1947.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Agency,* Scope of authority or employment.  *Corporation,* Officers and agents.  *Contract,* For sale of real estate.

A decree dismissing the bill was proper in a suit in equity for specific performance of a written contract purporting to bind the defendant, a corporation, to sell real estate and signed in the defendant's name by a broker who had been hired by it to find a purchaser, where the plaintiff failed to prove that the broker had authority so to sign the contract or that any officer of the defendant had authority to enter into such a contract.

BILL IN EQUITY, filed in the Superior Court on February 15, 1945.

The case was heard by *Burns,* J., on the report of a master.

In this court the case was submitted on briefs.

*V. O. Coté,* for the plaintiff.

*F. M. Myers,* for the defendant.

LUMMUS, J.   On December 30, 1944, a written contract was executed which purported to bind the defendant to sell, and the plaintiff to buy, a parcel of land in Adams for $3,000. The plaintiff brought this bill in equity to enforce the specific performance of that contract.   After the filing of the report of a master, the plaintiff's exceptions thereto were overruled, the report was confirmed subject to the plaintiff's appeal, and a final decree was entered dismissing the bill with costs, from which the plaintiff appealed.

The defendant is a corporation engaged in the manufacture of yarns.   Its officers and directors are William C. Plunkett, Harold E. Thomas, and Eva Sweeney.   The corporation employed as brokers to find a purchaser of the land in question the Park Realty Company, one of the partners in which, one Emil Ober, was the person who signed the written contract as agent for the defendant.

Although on December 30, 1944, Plunkett told Ober over the telephone that he would accept $3,000 for the property, he was not informed that Ober intended to sign an agreement, and when Plunkett was informed that the agreement had been signed he took the position that the description was not correct, but included too much land, and returned the plaintiff's deposit.

The master found that there was a misunderstanding between the parties as to the amount of land that was being offered for sale, that the officers of the defendant had no authority from the defendant to sell, and that Park Realty Company and its members had no authority to sign an agreement for the sale of the land in question.

If those findings stand, they are conclusive in favor of the defendant. In our opinion the exceptions of the plaintiff to the master's report were properly overruled.

The burden was on the plaintiff to show that the contract was made or authorized by someone having authority to bind the defendant corporation. The land in question was not in use in the business of the defendant corporation. No officer is shown to have had any implied authority to contract for the sale of it. *James F. Monaghan Inc.* v. *M. Lowenstein & Sons Inc.* 290 Mass. 331, 333. *Stoneman* v. *Fox Film Corp.* 295 Mass. 419, 425. *Kelly* v. *Citizens Finance Co. of Lowell, Inc.* 306 Mass. 531. *Braden* v. *Trustees of Phillips Academy, ante,* 53.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*